IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHEN A GUMMOW,     Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 3-08-CV-606-O ECF |
| SNAP-0N-TOOLS COMPANY,     Defendant. | ) ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States District Court referred Snap-On-Tools Company's ("Defendant") May 21, 2008 Motion to Dismiss, or, Alternatively, Motion for Transfer of Venue to the United States Magistrate Judge for findings, conclusions, and recommendation. Before the Court for consideration are (1) Defendant's Motion to Dismiss or, Alternatively, Motion for Transfer of Venue, (2) Stephen A. Gummow's ("Plaintiff") Response, and (3) Defendant's Reply.

## Background

Splined Tools Corporation ("Splined Tools"), which is not a party to this action, is the owner of U.S. Patent No. 5,419,221 ("the '221 patent"). In 1997, Splined Tools licensed the '221 patent to Defendant in exchange for Defendant's agreement ("the Licensing Agreement") to pay a royalty to Splined Tools. Later, Plaintiff and Splined Tools, among others, were involved in litigation pertaining to, inter alia, who was the proper owner of the '221 patent. Defendant stopped making royalty payments to Splined Tools when it became aware of the patent dispute and instead made the payments into an escrow account pending the dispute's outcome. Plaintiff and Splined Tools ended the '221 patent litigation by entering an agreement ("Settlement Agreement"). In the Settlement Agreement, Splined Tools agreed that Plaintiff would be paid ten (10) percent or $100,000, whichever is greater, out of any and all monies owed to Splined Tools by Snap-on. Plaintiff claims

that he is entitled to monies held in escrow by Defendant and that Defendant has refused to pay him despite the fact that Defendant's counsel represented that Defendant would pay Plaintiff if Plaintiff obtained a court order for them to pay Plaintiff or if they had written permission to pay him from Splined Tools. In an action before the Hon. Ed Kinkeade in this District, Plaintiff obtained a declaratory judgment that "Gummow is entitled to be paid the greater of ten (10) percent or $100,000 out of any funds in the escrow account held by Snap-on. (Ord., Pl.'s App. at 4.) Plaintiff alleges that on April 2, 2008, Defendant's counsel indicated that Defendant would not disburse to Plaintiff the funds held in escrow.

Defendant seeks dismissal of this case for an improper venue pursuant to FED. R .CIV. P. 12(b)(3) based upon a forum selection clause, or transfer of this case pursuant to 28 U.S.C. 1406(a). Alternatively, Defendant seeks transfer of this case to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice. Finally, also alternatively, Defendant moves for dismissal for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1).

"Jurisdiction is, of necessity, the first issue for an Article III court. The federal courts are courts of limited jurisdiction, and they lack the power to presume the existence of jurisdiction in order to dispose of a case on other grounds." *Tuck v. Pan American Health Organization*, 668 F.2d 547, 549 (D.C. Cir. 1981). A federal court must have statutory or constitutional powers to adjudicate a claim. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). Were this Court to lack subject matter jurisdiction over this case, dismissal would be appropriate, and the Court would be without power to enforce a forum selection clause in a Settlement Agreement between the

parties, or to transfer the case to another District. Accordingly, before considering Defendant's first request and its first alternate requests, this Court must address Defendant's last alternative claim, its challenge to subject matter jurisdiction.

## Jurisdiction

Plaintiff brings this civil action against Defendant for common law fraud, unjust enrichment, breach of contract, and negligent misrepresentation. (Pl's Compl. at 1-2.) Plaintiff claims he is a citizen of Illinois and Defendant is a Delaware corporation with its principal place of business in Wisconsin. Plaintiff claims the amount in controversy exceeds $75,000 and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff asserts that Defendant transacts and solicits business in Texas and in this Judicial District regularly and purposefully, and that Defendant's statements that give rise to Plaintiff's claims, were directed to, and relied upon, by Plaintiff in this Judicial District. Defendant contends that this Court lacks subject matter jurisdiction based upon an arbitration agreement in a License Agreement attached to Plaintiff's Complaint as Exhibit A.

Defendant claims that subject matter jurisdiction is lacking because the License Agreement, attached to Plaintiff's Complaint as Exhibit A, requires this dispute to be submitted to and resolved by final and binding arbitration as the sole and exclusive remedy. "[A]rbitration is simply a matter of contract between the parties; it is a way to resolve those disputes-but only those disputes-that the parties have agreed to submit to arbitration." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943 (1995). Under general principles of contract law, courts cannot bind non-parties to the contract because those parties never agreed to the contract's terms. *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 652 (5th Cir. 2004). The arbitration agreement upon which Defendant

seeks dismissal of this case is in the License Agreement (Pl.'s App. 6) between Defendant and Splined Tools Corporation, governing any dispute that might arise between those two parties. Plaintiff is not a party to the License Agreement. Although the escrowed monies that Plaintiff seeks resulted from the License Agreement, Plaintiff seeks to enforce a subsequent and independent promise by Defendant to Plaintiff to pay Plaintiff certain escrowed funds. Accordingly, Plaintiff is not bound by the arbitration clause in the License Agreement.

This Court has subject matter jurisdiction based upon diversity of citizenship and an amount in controversy in excess of $75,000. Defendant's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) and/or 12(b)(3) based upon an Arbitration Clause in the License Agreement to which Plaintiff is not a party should be denied.

**Dismissal to Enforce Forum Selection Clause**

Defendant moves for dismissal of this proceeding pursuant to FED. R. CIV. P. 12(b)(3) to enforce a forum selection clause in a Settlement Agreement executed between Plaintiff and Defendant. Once a defendant raises the issue of improper venue, a plaintiff has the burden to establish that he chose a proper venue as to each defendant and as to each claim. *See e.g., McCaskey v. Continental Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001). Plaintiff responds that the forum selection clause cited by Defendant is part of a 2001 agreement between Plaintiff and Defendant settling a lawsuit for infringement of U.S. Patent No. 4,406,186 ("the '186 Patent"). (Doc. 11 at 2-3, 5.) Plaintiff contends that his claims against Defendant in this lawsuit arise out of Defendant's subsequent written promise to distribute entirely unrelated funds to Plaintiff, funds that Defendant had deposited in an escrow account. (Pl.'s App. 1, 2.) Plaintiff contends that even if the forum selection clause were enforceable, dismissal would not be the proper remedy because the

4

forum selected is another federal district court, the United States District Court for the Northern District of Illinois.

Generally, a party seeking to enforce a contractual forum selection clause may seek either (1) dismissal of the opposing party's claims under FED. R. CIV. P. 12(b)(3) for improper forum; or (2) transfer of the opposing party's claims to the forum contemplated by the contract. *See e.g., Zapata Marine Service v. O/Y Finnlines, Ltd.,* 571 F.2d 208, 209 (5th Cir. 1978) (enforcing by dismissal a forum selection clause in an agreement negotiated between the owners of two ships); *In re Fireman's Fund Ins. Companies, Inc*., 588 F.2d 93, 95 (5th Cir. 1979) (holding that the district court properly transferred an action to a forum agreed to by two commercially strong contracting parties). Here, Defendant asserts a Motion to Dismiss based on the forum selection clause in the Settlement Agreement and only alternatively a Motion to Transfer Venue.

A court must treat a forum selection clause as *prima facie* valid, and enforce it "unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10 (1972). *See Kevlin Services, Inc. v. Lexington State Bank,* 46 F.3d 13, 15 (5th Cir. 1995). Plaintiff and Defendant entered the Settlement Agreement in August 2001, to settle claims arising from Plaintiff's complaint that Defendant infringed the '186 Patent. (United States District Court for the Northern District of Illinois, No. 98 C 8013.) The Forum Selection Clause provides that "any claims between the Parties relating to this Agreement shall be brought only in the U.S. District Court, for the Northern District of Illinois, Eastern Division."

Defendant relies upon the Declaration of Defendant's counsel who claims that the release in the Settlement Agreement covers the same products that are covered by the License Agreement.

5

Plaintiff has not expressly sued Defendant based upon its commitments in the Settlement Agreement. Plaintiff's claims do not concern the dispute over the '186 Patent. Rather, Plaintiff is claiming royalty payments Defendant was required to make to Splined Tools pursuant to the Licensing Agreement, funds it began placing in escrow when a dispute arose over the ownership of the '221 Patent. Plaintiff claims that in a letter dated August 22, 2007, Defendant, through Howard Stotland, its counsel, promised to release the escrowed funds to Plaintiff if Plaintiff obtained a court order or a joint letter from Plaintiff and Splined Tools Corp. identifying the recipient(s) of the disbursement.

The Court has considered the Settlement Agreement, together with Plaintiff's allegations in this lawsuit. If the dispute in this lawsuit does not arise from the Settlement Agreement, enforcement would be unreasonable. After due consideration, the Court finds that Plaintiff is not relying upon the Settlement Agreement to enforce any rights against Defendant. Rather, Plaintiff is claiming a right to escrowed funds for which Defendant allegedly demanded proof of ownership, as between Splined Tools and Plaintiff. Accordingly, the Court finds that dismissal based upon the forum selection clause in the Settlement Agreement should be denied.

**Transfer Pursuant to 28 U.S.C. § 1406(a)**.

Defendant also moved to transfer Plaintiff's claims, pursuant to the statutory authority granted in 28 U.S.C. §1406(a).[1] This Court has already determined that venue is not governed by

---

[1] The terms of 28 U.S.C. § 1406 provide:

> § 1406. Cure or waiver of defects.
> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

the choice of forum provision in the Settlement Agreement. This case was not filed in the wrong division or district. Accordingly, it would be improper to transfer Plaintiff's claims to the Northern District of Illinois under 28 U.S.C. §1406(a). *See Time, Inc. V. Manning*, 366 F.2d 690, 698 n.12 (5th Cir. 1966) (concluding that because venue was proper, analysis under §1406(a) was unnecessary and transfer under the same provision was unavailable). Accordingly, Defendant's Motion to Transfer Venue pursuant to § 1406(a) should be denied.

## Transfer Pursuant to 28 U.S.C. § 1404(a)

The Court now turns to Defendant's alternative Motion to Transfer Venue "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). According to Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). The purpose of the statute is to protect litigants, witnesses, and the public against unnecessary inconvenience and expense, and to avoid wasted time, energy, and money. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

The decision to transfer a pending case is committed to the sound discretion of the district court. *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). The determination of "convenience" turns on a number of private and public interest factors, none of which are given dispositive weight. *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986)). The private concerns to be considered include: (1) the "relative ease of access to sources of proof"; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial

7

of a case easy, expeditious and inexpensive. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981). The public concerns include: (1) the "administrative difficulties flowing from court congestion"; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law; and (5) any unfairness to jurors in burdening them with jury duty in an unrelated forum. *Id.* [citations omitted].

The party moving for a change of venue bears the burden of demonstrating why the forum should be changed. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.), *cert. denied sub nom. Dow Chem. Co. v. Greenhill*, 493 U.S. 935 (1989). Plaintiff's choice of forum is highly esteemed. *Enserch Intern. Exploration, Inc.v. Attock Oil Co., Ltd.*, 656 F. Supp. 1162, 1167 n.15 (N.D. Tex. 1987) (citing *Menendez Rodriquez v. Pan American*, 311 F.2d 429, 434 (5th Cir. 1962). Subject to certain exceptions not relevant here, it is entitled to great deference. *See, e.g., Peteet*, 868 F.2d at 1436; *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992).

Plaintiff contends that it selected this venue because Defendant's promise to distribute the escrow funds upon presentation of a valid court order identifying the proper recipient of the escrow funds, the promise at issue here, was made here in Dallas, Texas. Further, Plaintiff contends that the court order that Plaintiff obtained at Defendant's request, to secure release of the escrowed funds, was issued by the Hon. Ed Kinkeade in this District. Plaintiff contends that the legally relevant factual nexus to Plaintiff and his claims weighs against transfer.

The record is not yet adequately developed for consideration of applicable law as a determinative factor. Defendant claims generally, that its documents and evidence are located in

Wisconsin or at the offices of its counsel in Chicago, Illinois. Defendant assumes that Plaintiff's documents are maintained in Illinois where he resides. Defendant has not shown that the documentary evidence could not be readily produced in Dallas, Texas, nor has it identified any specific evidence that would be accessible only in Illinois. Defendant must prove *with particularity* the reasons that it is inconvenienced by Plaintiffs' choice of forum:

> The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. The emphasis must be on this showing rather than on numbers. One key witness may outweigh a great number of less important witnesses. If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be, the application for transfer will be denied.

*Young v. Armstrong World Industries, Inc.*, 601 F. Supp. 399, 402-02 (N.D. Tex. 1984) (citing15 Wright, Miller & Cooper, *Federal Practice and Procedure* ¶ 3851 at 270-71 (1976). Like the movants in *Young*, Defendant has not stated with specificity the key witnesses who will be inconvenienced by a denial of its motion, nor has it outlined the substance of their testimony. Moreover, Defendant has not named any unwilling witnesses whose testimony would have to be compelled, nor stated the substance of their testimony. No unfairness to jurors would result because the legally relevant factual nexus to Plaintiff's claims is here. The interests of prompt disposition are served by retaining the case on this Court's docket. Counsel in this District have developed a sophisticated and streamlined procedure for discovery and settlement negotiations. The District Court sets cases for trial expeditiously.

After reviewing the pleadings and briefs on this issue, this Court concludes that a transfer of venue is not warranted. As this Court has already concluded, venue is proper in the Northern District of Texas, and therefore, this Court accords Plaintiff's election to file in this District great deference. Defendant's contentions have not been supported with the required particularity. The

balance of factors do not strongly favor the Defendant and do not weigh in favor of shifting the venue to the Northern District of Illinois. Therefore, this Court recommends denying Defendant's Motion to Transfer for convenience and in the interest of justice.

## CONCLUSIONS AND RECOMMENDATION

This Court has subject matter jurisdiction and venue is appropriate in the Northern District of Texas. Defendant's Motions to Dismiss based upon FED. R. CIV. P. 12(b)(1) and 12(b)(3) should be **denied**. Thus, because venue appears proper, Defendant's Motion to Transfer, pursuant to 28 U.S.C. §1406(a) should also be **denied**. Finally, Defendant's Motion to Transfer under 28 U.S.C. §1404(a) should also be **denied** because Defendant did not meet its burden of proof. The many public and private interest factors considered by the Court favor retention of this case in the Northern District of Texas. Accordingly, the Court recommends that Defendant's "Motion to Dismiss, or, Alternatively, for Transfer of Venue," filed May 21, 2008, be **denied**.

Signed, July 21, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).